GREENSPOON MARDER LLP
Counsel to BSI Financial Services, Inc.
590 Madison Avenue
Suite 1800
New York, New York 1022
(212) 524-5000
Jason Silver, Esq.

Return Date: December 5, 2019
Time: 11:00 A.M.

Objection Due Date: November 28, 2019

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In re:

Frank Maglio,

                        Debtor.
------------------------------------------------------------X

Chapter 7

Case No. 1-15-41734-nhl

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY
## PURSUANT TO BANKRUPTCY U.S.C. § 362
*(Property Address: 15 Wirt Avenue, Unit 287, Staten Island, NY 10309)*

PLEASE TAKE NOTICE that BSI Financial Services, Inc., servicer for Wells Fargo Inc., ("Secure Creditor or Creditor") by and through its attorneys, Greenspoon Marder LLP, makes application for an order vacating the automatic stay pursuant to 11 U.S.C. § 362, and in support thereof, states as follows:

1. The instant case is a Chapter 7 Title 11 Bankruptcy petition for relief filed on April 15, 2015, four years and 3 months ago.

2. The petition is listed as a voluntary, no asset case. Debtor retains the property under the Statement of Intention.

3. The Debtor, Frank Maglio has executed and delivered or are otherwise obligated with respect to that certain promissory note in the original principal amount of $271, 200.00 (the "Note"). A true and correct copy of the Note is attached hereto as Exhibit "A".

Movant is an entity entitled to enforce the Note.

4. Pursuant to that certain Mortgage (the "Mortgage"), all obligations (collectively, the "Obligations") of the Debtor under and with respect to the Note and the Mortgage are secured by the Property. A true and correct copy of the Mortgage is attached hereto as Exhibit "B".

5. All rights and remedies under the Mortgage have been assigned to the Movant pursuant to that certain assignment of mortgage, a true and correct copy of which is attached hereto ad Exhibit "C".

6. The legal description of the property is:

ALL THAT CERTAIN PLOT, PIECE OR PARCEL OF LAND; WITH THE BUILDINGS AND IMPROVEMENTS THEREON ERECTED, SITAUTE, LYING AND BEING:

THE UNIT KNOWN AS HOME NO 287 IN BUILDING NO. 32 IN THE DECLARATION ESTABLISHING WOODBROOKE ESTATES CONDOMINIUM SECTION III, MADE BY THE GRANTOR UNDER THE CONDOMINIUM ACT OF THE STATE OF NEW YORK, ARTICLE 9-B OF THE REAL PROPERTY LAW OF THE STATE OF NEW YORK, DATED AUGUST 8TH 1984, RECORDED IN THE OFFICE OF THE CLERK-OF THE COUNTY OF RICHMOND ON THE 6TH DAY OF SEPTEMBER 1984 IN REEL 32 PAGE 2403 AND DESIGNATED ALSO AS TAX LOT 1061 IN THE TAX BLOCK 7048 ON THE FLOOR PLANS OF THE BUILDING, CERTIFIED BY HURBERT H. HARMAN ARCHITECT, FILED IN THE SAID CLERK'S OFFICE AS MAP NO. C-58, TOGETHER WITH AN UNDIVIDED 1.03 INTEREST IN THE COMMON ELEMENTS.

THE LAND ON WHICH THE BUILDING CONTAINING THE UNIT IS LOCATED (AND) UPON WHICH THE OTHER` BUILDINGS FORMING PART OF THE PROPERTY ARE LOCATED IS DESCRIBED IN SCHEDULE A. ANNEXED HERETO.

ALL THESE CERTAIN LOTS, PLACES OR PARCELS OF LAND, SITUATE, LYING AND BEING IN THE BOROUGH OF STATEN ISLAND, COUNTY OF RICHMOND, CITY AND STATE OF NEW YORK, BOUNDED AND DESCRIBED AS FOLLOWS:

BEGINNING AT THE CORNER FORMED BY THE INTERSECTION OF THE SOUTHERLY LINE OF WIRT AVENUE AND THE WESTERLY LINE OF HAMPTON PLACE, AS BOTH STREETS ARE ADOPTED BY THE CITY OF NEW YORK;

RUNNING THENCE SOUTH 15 DEGREES 48 MINUTES 15 SECONDS ALONG THE WESTERLY LINE OF HAMPTON PLACE, 63.02 FEET TO A POINT;

THENCE SOUTHERLY AND STILL ALONG THE WESTERLY LINE OF HAMPTON PLACE ALONG THE ARC OF CIRCLE, CURVING TO THE LEFT THE RADIUS OF WHICH IS 127.00 FEET AND CENTRAL ANGLE TO 60

DEGREES 15 MINUTES 07 SECONDS A LENGTH OF 133.55 FEET TO A POINT;

THENCE SOUTH 21 DEGREES 10 MINUTES 50 SECONDS WEST 22.52 FEET TO A POINT;

THENCE SOUTHERLY ALONG THE ARC OF A CIRCLE, CURVING TO THE RIGHT THE RADIUS OF WHICH IS 65.00 FEET, CENTRAL ANGLE OF 52 DEGREES 26 MINUTES 22 SECONDS A LENGTH OF 59.47 FEET TO A POINT;

THENCE SOUTH 73 DEGREES 44 MINUTES 12 SECONDS WEST, 179 FEET TO A POINT;

THENCE SOUTH 16 DEGREES 15 MINUTES 48 SECONDS EAST, 30 FEET TO A POINT;

THENCE SOUTH 73 DEGREES 44 MINUTES 12 SECONDS WEST, 257.00 FEET TO A POINT;

THENCE NORTH 16 DEGREES 02 MINUTES 19 SECONDS WEST, 247.00 FEET TO THE SOUTHERLY LINE OF WIRT AVENUE;

THENCE NORTH 38 DEGREES 44 MINUTES 12 SEOCNDS EAST AND ALONG THE SOUTHERLY LINE OF WIRT AVENUE, 437.68 FEET TO THE WESTERLY LINE OF HAMPTON PLACE AND THE POINT OR PLACE OF BEGINNING.

ALL THAT CERTAIN PLOT, PIECE OR PARCEL OF LAND SITUATE LYING AND BEING IN THE BOROUGH OF STATE ISLAND, COUNTY OF RICHMOND, CITY AND STATE OF NEW YORK, BOUNDED AND DESCRIBED AS FOLLOWS:

BEGINNING AT THE CORNER FORMED BY THE INTERSECTION OF THE NORTHERLY LINE OF WIRT AVENUE, AND THE WESTERLY LINE OF HAMPTON PLACE, AS BOTH STREETS ARE ADOPTED BY THE CITY OF NEW YORK;

RUNNING THENCE SOUTH 73 DEGREES 44 MINUTES 12 SECONDS WEST AND ALONG THE NORTHERLY LINE OF WIRT AVENUE, 437.90 FEET TO A POINT;

THENCE NORTH 16 DEGREES 02 MINUTES 19 SECONDS WEST 81.83 FEET;

THENCE NORTH 73 DEGREES 44 MINUTES 12 SECONDS WEST AND ALONG THE WESTERLY LINE OF HAMPTON PLACE, 81.84 FEET TO THE NORTHERLY LINE OF WIRT AVENUE, AND THE POINT OR PLACE OF BEGINNING.

ALL THAT CERTAIN PLOT, PIECE OR PARCEL OF LAND SITUATE, LYING AND BEING IN TEH BOROUGH OF STATEN ISLAND, COUNTY OF RICHMOND, CITY AND STATE OF NEW YORK BOUNDED AND DESCRIBED AS FOLLOWS:

BEGINNING AT A POINT ON THE NORTHERLY LINE OF BALSAM PLACE, DISTANCE 518.72 FEET WESTERLY OF THE CORNER FORMED BY THE INTERSECTION OF THE NORTHERLY LINE OF BALSAM PLACE, AND THE WESTERLY LINE OF ROSSVILLE AVENUE AS BOTH STREETS ARE ADOPTED BY THE CITY OF NEW YORK;

RUNNING THENCE SOUTH 73 DEGREES 52 MINUTES 45 SECNDS WEST AND ALONG THE NORTHERLY LINE OF SAID BALSAM PLACE, 270.72 FEET TO A POINT;

THENCE WESTERLY AND STILL AND ALONG THE NORTHERLY LINE OF BALSAM PLACE, ALONG THE ARC OF A CIRCLE, CURVING TO THE RIGHT THE RADIUS OF WHICH IF 73.00 FEET, CENTRAL ANGLE 80 DEGREES 18 MINUTES 50 SECONDS A LENGTH OF 115.07 FEET TO THE EASTERLY LINE OF HAMPTON PLACE;

THENCE NORTH 15 DEGREES 48 MINUTES 19 SECONDS WEST AND ALONG THE EASTERLY LINE OF HAMPTON PLACE 232.42 FEET TO A POINT;

RUNNING THENCE THE FOLLOWING BEARINGS AND DISTANCES;

NORTH 74 DEGREES 11 MINUTES 41 SECONDS EAST 240.00 FEET;

SOUTH 15 DEGREES 48 MINUTES 19 SECONDS EAST, 66.49 FEET;

SOUTHERLY ALONG THE ARC OF A CIRCLE TO THE RIGHT THE RADIUS OF WHICH IS 45.00 FEET CENTRAL ANGLE, 138 DEGREES 19 MINUTES 59 SECONDS, A LENGTH OF 108.65 FEET;

SOUTH 15 DEGREES 48 MINUTES 19 SECONDS EAST, 58.90 FEET;

NORTH 73 DEGREES 52 MINUTES 45 SECONDS EAST, 106.03 FEET;

SOUTH 16 DEGREES 07 MINUTES 15 SECONDS EAST, 74.17 FEET;

SOUTH 39 DEGREES 26 MINUTES 01 SECONDS WEST, 5.35 FEET;

SOUTH 16 DEGREES 07 MINUTES 15 SECONDS EAST 15.80 FEET TOTHE NORTHERLY LINE OF BALSAM PLACE AND TEH POINT OR PLACE OF BEGINNING.

PROPERTY ADDRESS: 15 WIRT AVE.; STATEN ISLAND, NY

7. The subject property was listed in the Debtor's Schedules of Assets, Schedule A, as his primary residence. The mortgage was properly listed in the Schedules of Secured Claims, Schedule D.

8. On July 19, 2015, four months after the filing of the bankruptcy petition, the Debtor requested entry into the Loss Mitigation program. [ECF # 14].

9. Movant objected to the request in that a forbearance had already been approved and sent to the Debtor but not executed and returned. Since May 21, 2007 the Debtor has made only twenty-four (24) payments. [ECF # 15].

10. Debtor filed a Response alleging that the Debtor was unable to forward financial documents to modify his mortgage and the servicer was wasting time, the servicer's ability to provide a HAMP modification was irrelevant, and that a down payment for a repayment plan was indicative of bad faith. [ECF # 23].

11. On February 6, 2016, after the hearing on the objection the Court ordered participation in the Loss Mitigation program [ECF # 29].

12. On September 20, 2016 the trustee filed his Report of No Distribution and the loss mitigation efforts continued.

13. On January 12, 2018 the Debtor executed the loan modification agreement with new payment terms of the loan. [ECF # 94, Exhibit "A"]. A Motion for Approval of the Loan Modification agreement was filed on October 12, 2018 by the Debtor. [ECF # 94].

14. However, the Debtor never repaid under the modified loan thus triggering additional delinquencies in the account.

15. On July 11, 2019, on Debtor's Motion to Approve the Loan Modification, the Court approved the modified terms, and terminated the loss mitigation process. [ECF # 122, transcript].

16. At the hearing, the Court was advised that the debtor had also agreed to pay the post petition delinquency in a period of 12 months in addition to the modified monthly payments. Id.

17. The payoff balance owed on this loan account is $512, 907.32 as of August 1, 2019, excluding attorney fees and costs associated with the filing of this Motion.

18. The Debtor has defaulted by failing to remit the monthly payments *under the modified terms* on the account due on **December 25, 2017** and all subsequent monthly payments. The following chart sets forth the number and amount of payments due pursuant to the terms of the Note that have been missed by the Debtor(s):

| Number of Missed Payments | From | To | Monthly Payment Amount | Total Amounts Delinquent |
| --- | --- | --- | --- | --- |
| 8 | 12/25/2017 | 07/25/2018 | $2,315.96 | $ 18,527.68 |

| | | | | |
|---|---|---|---|---|
| 6 | 08/25/2018 | 01/25/2019 | $2,339.37 | $ 14,036.22 |
| 7 | 02/25/2019 | 08/25/2019 | $2,343.56 | $16,404.92 |
| Total: | | | | **$52,585.26** |

19. The estimated market value of the Property is $349,020.00. The basis for such valuation is based on the NYC Department of Finance report attached hereto as Exhibit "D".

20. It is respectfully submitted that good cause exists to vacate the automatic stay of 11 U.S.C. § 362 to allow Secured Creditor to maintain a foreclosure action on its mortgage.

21. Cause exists for relief from the automatic stay for the following reasons:

    (a)   Movant's interest in the Property is not adequately protected.

    (b)   The Debtor(s) have failed to make the payment due on **December 25, 2017 and all subsequent payments** and such default is causing a steady increase in the indebtedness owed to Movant under the Note and Mortgage.

22. In addition, pursuant to 11 U.S.C. 362(d)(2) the property has no equity and as shown by the trustee's report of abandonment, the property is not necessary for an effective reorganization.

WHEREFORE, Movant prays that this Court issue an Order terminating the stay and granting the following:

1. Relief from the stay allowing Movant (and any successors or assigns) to proceed under applicable non-bankruptcy law to enforce its remedies to foreclose upon and obtain possession of the Property.

2. That the Order be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Code.

3. Award Movant its attorneys' fees and costs of up to $931.00 which were incurred in filing this Motion.

4. That the 14-day stay described by Bankruptcy Rule 4001(a)(3) be waived, during which period Debtor(s) may have minimal motivation to insure, preserve or protect the property.

5. That the Debtor does not oppose the continuation of post judgment foreclosure proceedings.

6. For such further relief as to the Court deems proper

DATED: September 25, 2019

          By Its Counsel
          /s/ Jason D. Silver
          Jason D. Silver, Esq. Bar No. 5064829
          Greenspoon Marder LLP
          590 Madison Avenue
          Suite 1800
          New York, NY 10022
          E-Mail: jason.silver@gmalw.com